```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                    SOUTHEASTERN DIVISION


COREY E. TURNER,                    )
                                    )
            Plaintiff,               )
                                    )
        v.                           )      No. 1:05CV21(LMB)
                                    )
CHUCK DWYER, et al.,                )
                                    )
            Defendants.              )
```

## ORDER AND MEMORANDUM

This matter is before the Court for review of the complaint [Doc. #1] pursuant to 28 U.S.C. § 1915A.

### 28 U.S.C. § 1915A

Title 28 U.S.C. § 1915A provides that the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The Court must identify cognizable claims and dismiss a prisoner's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Farmington Correctional Center (FCC), seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Named as defendants are Chuck Dwyer, Michael Carnell, Omer L. Clark, Steve Julian, Susan Wickliff, Russell Peridore, Paula Phillips, Johnny Williams, Thomas Johnson, Steven Buhs, Yvonne Moore, Gary Ellison, Tomas Oguin, and Roger Rutledge.

Liberally construing the complaint, plaintiff claims that the defendants denied him procedural due process in connection with two conduct violations and that he was denied procedural due process at a hearing before the Missouri Board of Probation and Parole (MBPP).

2

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's complaint does not state a procedural due process claim with regard to his conduct violations because he has not alleged that the discipline imposed constituted "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-85 (1995) (holding that prison discipline does not encroach upon inherent liberty interest and that state created liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in comparison to the ordinary incidents of prison life). Indeed, the discipline actually imposed – comprising of disciplinary segregation, restrictions on visitation, confinement on administrative segregation, restrictions on work release, activity restrictions, and referral for prosecution – are, based on this Court's review of numerous inmate § 1983 complaints, quite ordinary.

Plaintiff's claim that he was denied due process of law in connection with his parole hearing – because a parole board member was biased against him – should also be dismissed. The due process clause of the fifth amendment, made applicable to the states by the fourteenth amendment, protects from arbitrary or capricious deprivation those facets of an inmate's existence that

qualify as "liberty interests."  See Harper v. Young, 64 F.3d 563, 564 (10th Cir. 1995).  There is no inherent constitutional right to be released on parole.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  A state, however, may create a liberty interest in parole.  See Board of Pardons v. Allen, 482 U.S. 369 (1987).  The current Missouri parole statutes give the MBPP almost unlimited discretion to make parole determinations, see Mo. Rev. Stat. §§ 217.655, 217.690, and, therefore, do not create a liberty interest protected by due process.  See e.g. Greenholtz, 442 U.S. at 7-8.  Because there is no liberty interest in parole, the procedures utilized by the MBPP are not required to comport with the standards of fundamental fairness.  See O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995); see also Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997) (holding that it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's complaint [Doc. #1] is **DISMISSED** because the complaint is legally frivolous, fails to state a claim upon which relief can be granted or both. 28 U.S.C. § 1915A(b)(1).

An appropriate order shall accompany this order and memorandum.

Dated this ___10th___ day of August, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE